# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAUDIA ANN JULIAN | CIVIL ACTION |
| VERSUS | NO. 25-1060-BAJ-EWD |
| BRAND SAFWAY | |

## NOTICE AND ORDER

On May 14, 2026, Claudia Ann Julian ("Plaintiff"), who is representing herself, filed a "(Unilateral Status Report)," which will be considered a Motion for Entry of Default ("Motion"). The Motion improperly sought both entry of default and a default judgment against Defendant Brand Safway ("Safway").[1] To have default entered under Federal Rule of Civil Procedure 55(a),[2] Plaintiff must show that Safway has failed to plead or otherwise defend, by affidavit or otherwise. Here, Plaintiff sought entry of default against Safway on the ground that "the defendant Was properly Served On March 23, 2026, accepted by the office Manager in Atlanta, Ga."[3] Plaintiff thus relied on the United States Marshal Service's ("USMS") Process Receipt and Return as her proof of service, which shows that USMS personally served a Safway office manager on March 23, 2026 at the Georgia address provided by Plaintiff.[4] However, there is no information in the record to show that the office manager was designated to accept service of process on behalf of

---

[1] R. Doc. 10. Documents filed into the record of this matter are referred to as "R. Doc. __." Entry of default and a default judgment must be sought separately and in compliance with Rule 55.

[2] Rule 55(a) provides: "(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

[3] R. Doc. 10

[4] R. Doc. 8. According to Georgia Secretary of State records, the Georgia service address Plaintiff provided is Safway's principal office address in Georgia.

certified mail #  7020 0640 0001 4750 5777

Safway, which is important because Safway has a registered agent for service of process in Georgia.

Federal Rule of Civil Procedure 4(h) addresses service of the initial complaint on a corporation, partnership or association (which Safway appears to be), and requires that, when such service is within a judicial district of the United States, it must be done in the manner prescribed by Rule 4(e)(1) for serving an individual[5] or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Louisiana state law generally requires that service of citation or other process on a domestic or foreign corporation is made by personal service on one of its agents for service of process.[6]

According to online Georgia Secretary of State ("SOS") records, there are records for several Safway entities, and they all reflect that Safway has a registered agent to accept service of process; however, there is no evidence that Safway's registered agent was served with the

---

[5] Federal Rule of Civil Procedure 4(e)(1) allows service in a judicial district of the United States by: 1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or 2) doing any of the following: A) delivering a copy of the summons and of the complaint to the individual personally; B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

[6] *See* Louisiana Code of Civil Procedure article 1261(A). *See also, Wesenberg v. New Orleans Airport Motel Assocs. TRS, LLC,* No. 14-1632, 2015 WL 5599012, at *1 (E.D. La. Sept. 22, 2015) ("Under Rule 4(h)(1), a federal litigant has two options for serving a corporation within a judicial district of the United States. First, a competent person may serve a corporation according to the law of the state in which the district court is located. Fed. R. Civ. P. 4(h)(1)(A). Under Louisiana law, a corporation ordinarily must be served by personal service of process on its registered agent. La. Code Civ. Proc. Ann. art. 1261. In limited circumstances [*i.e.*, corporation's failure to designate a registered agent, death/resignation/removal of registered agent, or if server certifies that he cannot serve the agent, none of which qualify here], personal service may be made on a corporate officer, a director, or an employee at a place of the corporation's business. *Id...* Alternatively, under Rule 4(h)(1)(B), a corporation may be served by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."). Because Plaintiff has not shown that Safway failed to designate an agent for service of process or that she was unable to serve Safway's registered agent, the other methods of service under Louisiana Code of Civil Procedure article 1261 are not available.

Complaint and summons in this case. Therefore, the proof on which Plaintiff relies to obtain entry of default is deficient because there is no proof of adequate service in Georgia on Safway's registered agent, and alternatively, no proof that the office manager that was served was authorized to accept service on behalf of Safway.

Plaintiff's Motion is also deficient because it does not contain a certificate of service, as required by Rule 5(d)(1)(B) and Local Civil Rule 5(e),[7] stating that the Motion was sent to Safway by one of the methods provided for by Rule 5(b)(2).[8]  Nevertheless, on May 18, 2026, the Clerk of Court entered default against Safway based upon the USMS process return.[9]  The Clerk's Entry

---

[7] Although Plaintiff is representing herself, she is required to follow the Federal Rules, the Local Rules of this Court and the Court's Administrative Procedures for Electronic Filing.  Rule 5(d)(1)(B) provides: "(B) Certificate of Service. No certificate of service is required when a paper is served by filing it with the court's electronic-filing system. When a paper that is required to be served is served by other means: (i) if the paper is filed, a certificate of service must be filed with it or within a reasonable time after service…."

Local Civil Rule 5(e) provides: "Certificate of Service.  (1) When a document filed after the initial complaint is served by filing it with the Court's electronic filing system, no certificate of service is required when all parties are electronic filers. (2) When a document that is required to be served is served by means other than the Court's electronic filing system, the document must include a certificate of service indicating the document has been served on all parties contemporaneously with its filing with the court. The certificate of service must list each party on which the document has been served and must identify the method of service upon each party."

Plaintiff is not an electronic filer and her filings are not transmitted by the Court's electronic system.  Plaintiff is required to include a certificate of service on all filings. Plaintiff is aware of this requirement because she has included a certificate of service on  at least one other filing. *See, e.g.,* R. Doc. 6 (which states service was made on all counsel of record, however there is no counsel of record enrolled for Brand Safway, so this service was ineffective).

[8] Rule 5(b)(2) provides: "(b) Service: How Made. 2) Service in General. A paper is served under this rule by: (A) handing it to the person; (B) leaving it: (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (C) mailing it to the person's last known address--in which event service is complete upon mailing; (D) leaving it with the court clerk if the person has no known address; (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing--in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or (F) delivering it by any other means that the person consented to in writing--in which event service is complete when the person making service delivers it to the agency designated to make delivery."

[9] R. Doc. 11.

of Default shall be vacated for good cause pursuant to Rule 55(c)[10] because there is no adequate proof of service of process of the Complaint and summons on Safway.[11]

Service of process is required to be effected on a defendant within 90 days of the filing of the Complaint pursuant to Rule 4(m), and that deadline has long expired.[12]  However, Plaintiff will be given an additional thirty days to serve Safway through the USMS.  Plaintiff shall be required to execute another Form 285 with the proper service information for the registered agent of Safway in Georgia and provide it to the USMS.[13] In order to do so, Plaintiff must provide a corrected Form 285 to the USMS and file a copy of the updated Form 285 into the record, on or before July 6, 2026.

In the alternative, if Plaintiff contends that the office manager who was previously served at Safway's principal business office in Georgia is an authorized officer or managing agent authorized by Safway to accept service of process, on or before July 6, 2026, she shall file a response to this Order, limited to 8 pages, that provides authority and evidence supporting that position.[14]

**IT IS ORDERED** that the Clerk's May 18, 2026 Entry of Default[15] against Defendant Brand Safway is **VACATED** for the reasons explained above.

---

[10] Rule 55(c) provides, in pertinent part: "(c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause…." *See also, Deutsche Bank National Trust Company as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5 v. Morris*, 350 F.RD. 367 (N.D. Tex. 2025) (vacating clerk's entry of default on the court's own motion due to improper service); *see also, Kobos v. Beyondtrust, Inc.*, No. 20-3488, 2021 WL 5629147 (N.D. Tex. Nov. 30, 2021) (vacating clerk's entry of default on the court's own motion due to improper service).

[11] *Wesenberg,* 2015 WL 5599012, at *1 ("If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. 1981).").

[12] R. Doc. 1, filed on November 25, 2025.

[13] If Plaintiff chooses to serve Brand Safway in another state, the applicable registered agent information shall be included, if Brand Safway has a designated registered agent in the state selected.

[14] If Plaintiff adequately establishes that service was proper, the clerk's entry of default will be re-entered.

[15] R. Doc. 11.

**IT IS FURTHER ORDERED** that, on or before **July 6, 2026**, Plaintiff Claudia Ann Jordan shall either: (1) execute another Form 285 (attached) with the proper service information for the registered agent of Brand Safway in Georgia and provide the updated form to the USMS AND file a copy of the updated Form 285 into the record, or (2) if Plaintiff contends that the office manager who was previously served at Brand Safway's principal business office in Georgia is an authorized officer or managing agent authorized by Brand Safway to accept service of process, she shall file a response to this Order by the same date, limited to 8 pages, that provides authority and evidence supporting that position.

**IT IS FURTHER ORDERED** that, if the United States Marshals Service receives an updated Form 285 from Plaintiff Claudia Ann Jordan, it shall serve Defendant Brand Safway wherever found.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Notice and Order and a Form 285 to Plaintiff Claudia Ann Jordan at her address of record on PACER by regular and certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, June 4, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**